**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**
**CRIMINAL NO. 5:25-CR-00158-GFVT**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**

**MICHAEL LA PORTA**                                                      **DEFENDANT**

---

### SENTENCING MEMORANDUM

---

Comes the Defendant, Michael LaPorta, by counsel, and hereby respectfully submits the following sentencing memorandum:

### I.    INTRODUCTION:

Michael LaPorta ("Defendant") was initially arrested on February 24, 2025, in the related state Court matter to this case. On December 18, 2025, the Defendant was indicted by a Federal Grand Jury (DE #1). On December 30, 2025, the Defendant was served with his Federal arrest warrant while he was detained on the related state matter and he was moved to the Clark County Detention Center. On March 11, 2026, the Defendant appeared before Magistrate Judge Edward Atkins and entered a plea of guilty to Count One (1) of the Indictment. (DE #1):

- Employing, Using, Persuading, Inducing, Enticing, and Coercing a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Depiction of that Conduct 18 U.S.C. § 2251(a)

The Defendant has remained in continuous custody since his original arrest date on the related state matter on February 24, 2025.

This sentencing memorandum will specifically address the factors found under §3553(a)(2) and it will also address the factors found in §3553(a)(1) and (a)(3)-(5). The

1

Defendant submits that, upon due consideration of all the §3553(a) factors, a sentence that varies downward from the statutory maximum of thirty (30) years is appropriate.

**A. The nature and circumstances of the offense and the history and characteristics of the Defendant.**

Pursuant to 18 U.S.C. § 3553(a)(1), the Court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The Supreme Court "has long recognized that sentencing judges 'exercise a wide discretion' in the types of evidence they may consider when imposing a sentence and that '[h]ighly relevant – if not essential – to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.'" *Pepper,* 562 U.S. at 480 (quoting *Williams,* 337 U.S. at 246-47). "[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *United States v. Bryson,* 229 F.3d 425, 426 (2d Cir. 2000).

**1. History and Characteristics of Michael La Porta.**

The Defendant was born on July 25, 1996, in Salinas, California. As the Defendant's Presentence Report ("PSR") points out, the Defendant's parents Michael La Porta and Robyn La Porta divorced when he was approximately six (6) years old. This divorce caused his mother to move across the country to Florida where the Defendant would join her. His father remained in California where he worked full-time as a corrections guard. When the Defendant was approximately fifteen years old, he returned to California to live with father. Ultimately, the Defendant graduated high school in California while living with his father and step-mother. The Defendant was briefly married from 2016 to 2018. Following his divorce, the Defendant moved in with his sister and brother-in-law and they all settled in a house on some land in Fleming County, Kentucky.

Fortunately, during his lifetime – despite the divorce – the Defendant had two parents who supported and loved him unconditionally. Sadly, at the beginning of 2025, the Defendant's father passed away after a battle with Cancer.  The Defendant's mother remains as a source of constant support even while he has been incarcerated. Attached to this sentencing memorandum are letters of support for the Defendant from the following people in his life:

- JoAnn Talmadge (Family Friend)

- Jessica Kidwell (Sister)

- Anthony Carnevale (Family Friend)

- Valerie LaPorta (Aunt)

- Patricia LaPorta (Step-Mother)

- Robyn LaPorta (Mother)

There is no doubt that the Defendant has made some terrible mistakes which have led him to being in front of this Court. He is not denying the mistakes that he has made and accepts full responsibility. However, the Defendant clearly has people in his life that love him and that have witnessed the good character traits that he does possess.

**(a) Criminal History of the Defendant:**

The Defendant's presentence report ("PSR") accurately reflects the Defendant's complete lack of a criminal history. The PSR assigns the Defendant a total criminal history score of zero (0). Again, the Defendant offers no excuses for the criminal conduct that formed the basis of this case. However, the Defendant is not a hardened criminal who has lived a life of crime. As pointed out above, he was raised by two loving parents with a support system that will be there when he exits prison one day.

3

**2.  Nature and Circumstances of the Offense.**

The PSR accurately describes the offense conduct in this case. (PSR at ¶¶7-10).

**B.  The Need For the Sentence to Deter, Protect, and Rehabilitate.**

If a sentence is to satisfy 18 U.S.C. § 3553(a)(2) it is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A); it is "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); it is "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); and it is "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D). The Defendant recognizes the seriousness of the offenses for which he was charged with and the offense for which he has plead guilty to.

Just punishment is, of course, undefined but perhaps it includes within its ambit more than incarceration that is found within a guideline range. A just punishment is one of the factors for the Court to consider. The Defendant faces a statutory maximum of thirty (30) years in prison and a statutory minimum of fifteen (15) years in prison. The Defendant appreciates that the Court must structure a sentence that will not only deter him from committing future crimes, but also deter others from engaging in similar conduct as well as reflect the seriousness of the conduct. He understands, and accepts, that he must personally be sentenced for involvement in the criminal activity but asks for leniency and requests a sentence that varies below the thirty (30) year statutory maximum in this case. The Defendant faces a lengthy sentence in prison when considering that he cannot receive less than fifteen (15) years. Any sentence less than thirty (30) years accomplishes the goals of both general and specific deterrence and reflects the seriousness of the offense conduct.

4

A statutory maximum sentence of thirty (30) years is not required to achieve any of the sentencing objectives. The Defendant's pretrial incarceration has giving him the time and the clarity to reflect on his life and the person he wants to become. The Defendant is currently thirty (30) years old and, upon his eventual release from federal prison, he is determined to become a contributing member of society. To do this, the Defendant recognizes that he must take full advantage of all educational or vocational training that the prison system can offer him. A sentence below the statutory maximum will do no harm to the lofty goals of most concern: imposing a sentence that reflects the seriousness of the conduct and promotes respect for the law.

### C.  The Sentences Available and the Sentencing Range.

Section 3553(a)(3), (4), and (5) requires the Court to examine the "kinds of sentences available," as well as the impact of the United States Sentencing Guidelines ("USSG" or "Guidelines"). In making this analysis, we are reminded that the Sentencing Guidelines are only a "'starting point'" or an "'initial benchmark,'" with the district court retaining the discretion to impose a sentence "based on appropriate consideration of all of the factors listed in § 3553(a)." *Pepper,* 562 U.S. at 490 (quoting *Gall,* 552 U.S. at 49-51). As previously discussed, the Defendant's total criminal history is zero (0) which establishes a criminal history category of I. (*See* PSR ¶31-32).  The Defendant faces a statutory minimum of fifteen (15) years and a maximum of thirty (30) years. The Defendant will receive a significant prison sentence regardless when considering the statutory minimum sentence. Again, when considering all of the factors under 3553, a sentence below the statutory maximum does not unduly depreciate the seriousness of the offense for which the Defendant has pled guilty to.

**II.    CONCLUSION:**

For the foregoing reasons, the Defendant respectfully requests this Court sentence the

Defendant to a term of imprisonment that falls below the statutory maximum of thirty (30) years.

The Defendant believes that such a sentence is sufficient, but not greater than necessary.

Respectfully submitted,

Noel Caldwell
Nash-Marshall, PLLC
129 W. Short Street
Lexington, KY 40507
Phone: (859) 264-3232

BY:____/s/ Noel Caldwell_____
        NOEL CALDWELL

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of this

Court, this 3rd day of August, 2026, and will be served electronically to designated CM/ECF

participant counsel through the Court's electronic filing system.

BY:____/s/ Noel Caldwell_____
        NOEL CALDWELL